## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BAUSCH & LOMB INCORPORATED and PF CONSUMER HEALTHCARE 1 LLC, <br><br> Plaintiffs, <br><br> v. <br><br> NATURE MADE NUTRITIONAL PRODUCTS and PHARMAVITE LLC, <br><br> Defendants. | C.A. No. _____ <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiffs Bausch & Lomb Incorporated ("Bausch & Lomb") and PF Consumer Healthcare 1 LLC ("PF Consumer Healthcare 1") (collectively, "Plaintiffs"), by their attorneys, hereby allege as follows:

## NATURE OF ACTION

1. This is an action for patent infringement arising under the Patent Laws of the United States, including 35 U.S.C. § 271.

## THE PARTIES

2. Plaintiff Bausch & Lomb is a corporation organized and existing under the laws of New York, with a place of business at 1400 North Goodman Street, Rochester, NY 14609.

3. Plaintiff PF Consumer Healthcare 1 is a limited liability company organized and existing under the laws of Delaware and having a place of business at 1209 Orange Street, Corporation Trust Center, Wilmington, DE, 19801.

4. Defendant Nature Made Nutritional Products ("Nature Made") is a corporation organized and existing under the laws of California having a principal place of business at 8531 Fallbrook Ave., West Hills, CA 91304. Upon information and belief, Nature Made is an alter ego, affiliate, and/or agent of Pharmavite LLC.

5. Defendant Pharmavite LLC ("Pharmavite") is a limited liability company organized and existing under the laws of California having a principal place of business at 8531 Fallbrook Ave., West Hills, CA 91304. Upon information and belief, Pharmavite is an alter ego, affiliate, and/or agent of Nature Made.

## JURISDICTION AND VENUE

6. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) and (b).

7. This Court has personal jurisdiction over Nature Made. On information and belief, Nature Made, directly or through its alter egos, affiliates, or agents, develops, formulates, manufactures, markets, and sells vitamin products throughout the United States, including in this judicial district. On information and belief, Nature Made regularly conducts and solicits business in the State of Delaware, engages in other persistent courses of conduct in the State of Delaware, and/or derives substantial revenue from services or things used or consumed in the State of Delaware. On information and belief, Nature Made transacts business within the State of Delaware related to Bausch & Lomb's claims, and has engaged in systematic, pervasive, and continuous business contacts within the State of Delaware.

8. This Court has personal jurisdiction over Pharmavite. On information and belief, Pharmavite, directly or through its alter egos, affiliates, or agents, develops, formulates, manufactures, markets, and sells vitamin products throughout the United States, including in this judicial district. On information and belief, Pharmavite regularly conducts and solicits business in

the State of Delaware, engages in other persistent courses of conduct in the State of Delaware, and/or derives substantial revenue from services or things used or consumed in the State of Delaware. On information and belief, Pharmavite transacts business within the State of Delaware related to Bausch & Lomb's claims, and has engaged in systematic, pervasive, and continuous business contacts within the State of Delaware.

9. On information and belief, venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## CLAIMS FOR RELIEF

## COUNT 1: PATENT INFRINGEMENT OF U.S. PATENT NO. 8,603,522

10. Bausch & Lomb incorporates herein and reallege as if fully set forth in this Paragraph, the allegations of Paragraphs 1 through 9 above.

11. Bausch & Lomb is a joint owner and licensee of all rights in the field of ophthalmology, including the right to enforce, of United States Patent No. 8,603,522 ("the '522 Patent") which was duly and lawfully granted on December 10, 2013 to Stephen P. Bartels, Cara L. Baustian, George E. Bunce, Leon Ellenbogen, Frederick L. Ferris III, Jin Kinoshita, James C. Smith and David A. Souerwine for an invention in "Nutritional Supplement to Treat Macular Degeneration." PF Consumer Healthcare 1 is a joint owner of the '522 Patent. Pursuant to 35 U.S.C. § 207(a) and the exclusive license received from the U.S. government joint owner, including the right to enforce the '522 Patent, Bausch & Lomb can maintain this action without the U.S. government as a party. A true copy of the '522 Patent is attached as Exhibit A.

12. The '522 Patent describes and claims, among other things, methods for stabilization and/or treatment of visual acuity loss by reducing the risk of age-related macular degeneration and cataracts and for maintaining and preserving eye health and vision. The

invention of the '522 Patent provides, *inter alia*, a method of administering a formulation of lutein-zeaxanthine combination or vitamin A in the form of beta-carotene (substituted or supplemented with lutein, zeaxanthine or a combination thereof), vitamin C, and vitamin E, as well as zinc and copper.

13. Bausch & Lomb markets and sells products for the methods covered by the '522 Patent within this district and elsewhere in the United States, including but not limited to its PreserVision® AREDS and AREDS 2 Formula products.

14. Defendants Nature Made and Pharmavite (collectively, "Defendants") are infringing, inducing infringement of, and/or contributing to the infringement of the '522 Patent by making, using, offering to sell, selling, or importing, within this district or elsewhere in the United States, products for the methods covered by the '522 Patent and/or by selling, offering for sale and/or importing compositions with instructions for use or promotions that cause and induce the user to infringe the claims in the '522 Patent, and/or by selling, offering to sell or importing components or materials, knowing the same to be especially made or especially adapted for use in an infringement of the '522 Patent. Defendants have actual knowledge of the '522 Patent. Defendants became aware of the '522 Patent on or after its issuance date of December 10, 2013. At the latest, Defendants learned of the '522 Patent on the date Plaintiffs filed this complaint. Thus, Defendants are knowingly infringing, inducing infringement of, and/or contributing to the infringement of the '522 Patent.

15. Defendants are making, using, importing, offering to sell, or selling compositions containing a formulation of lutein, zeaxanthin, vitamins C and E, zinc, and copper, that are specifically described and claimed in the '522 Patent, including but not limited to their

4

Nature Made® Vision with AREDS 2 Formula product. Defendants' Nature Made® Vision with AREDS 2 Formula product depicts the following Supplement Facts Panel:



16.     Defendants' Nature Made® Vision with AREDS 2 Formula product satisfies each and every limitation of at least one claim of the '522 patent, either literally or under the doctrine of equivalents. Defendants are making, using, importing, offering to sell, or selling such compositions for the use in treating or preventing age-related eye disease or for maintaining or preserving eye health or vision, which infringes the claims of the '522 Patent.

17.     On information and belief, Defendants are selling, offering for sale and/or importing compositions with instructions for use and promotions that cause and induce the user to infringe the claims in the '522 Patent, including but not limited to their Nature Made® Vision with AREDS 2 Formula product. Defendants are doing so with knowledge of the '522 Patent and with specific intent that its customers infringe the '522 Patent.

18. On information and belief, Defendants are selling, offering for sale and/or importing components or materials, knowing the same to be especially made or especially adapted for use in an infringement of the '522 Patent.

19. On information and belief, Defendants became aware of the '522 Patent on or after its issuance date of December 10, 2013. At the latest, Defendants learned of the '522 Patent on the date Plaintiffs filed this complaint. On information and belief, Defendants are willfully infringing the '522 Patent by continuing to make, use, offer for sale, sell, or import their Nature Made® Vision with AREDS 2 Formula product.

20. The aforesaid sales and acts by Defendants are without right, license or permission from Plaintiffs.

21. On information and belief, Defendants intend to continue the sales and acts referred to in paragraphs 14-20.

22. Bausch & Lomb has been damaged by Defendants' infringement of the '522 Patent, and will be irreparably damaged if that infringement is not enjoined.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Bausch & Lomb respectfully requests the following relief:

A. A judgment and decree that United States Patent No. 8,603,522 remains valid and enforceable;

B. A judgment that Defendants have infringed one or more claims of Bausch & Lomb's United States Patent No. 8,603,522;

C. A judgment that Defendants have induced infringement of one or more claims of Bausch & Lomb's United States Patent No. 8,603,522;

   D. A judgment that Defendants have contributed to the infringement of one or more claims of Bausch & Lomb's United States Patent No. 8,603,522;

   E. A judgment that Defendants have willfully infringed one or more claims of Bausch & Lomb's United States Patent No. 8,603,522;

   F. A permanent injunction restraining and enjoining Defendants, their officers, agents, attorneys and employees, and those acting in privity or concert with them, from engaging in the commercial manufacture, use, offer to sell, or sale within the United States, or importation into the United States, of compositions and methods claimed in Bausch & Lomb's United States Patent No. 8,603,522 or components or materials especially made or especially adapted for use in an infringement of Bausch & Lomb's United States Patent No. 8,603,522;

   G. An accounting of all damages to Bausch & Lomb arising from Defendants' infringement, inducement of infringement, contributory infringement and willful infringement, and that such damages be awarded to Bausch & Lomb together with interest;

   H. A permanent injunction ordering Defendants to, *inter alia*, immediately cease all distribution and sale of the Nature Made® Vision with AREDS 2 Formula product;

   I. An order that Defendants recall all of the Nature Made® Vision with AREDS 2 Formula products currently in the marketplace;

   J. An award of treble damages;

   K. A grant of the costs of this action and reasonable attorneys' fees incurred by Bausch & Lomb in connection with this action; and

   L. Such other and further relief as the Court may deem just and proper.

Dated: July 15, 2021

GIBBONS P.C.

/s/ *Christopher Viceconte*
Christopher Viceconte (No. 5568)
Jennifer M. Rutter (No. 6200)
300 Delaware Avenue, Suite 1015
Wilmington, Delaware 19801
(302) 518-6322
cviceconte@gibbonslaw.com
jrutter@gibbonslaw.com

*Attorneys for Plaintiff*
*Bausch & Lomb Incorporated*

FARNAN LLP

/s/ *Michael J. Farnan*
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No.5165)
919 N. Market Street, 12th Floor
Wilmington, DE 19801
(302) 777-0300
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

*Attorneys for Plaintiff*
*PF Consumer Healthcare 1 LLC*