#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BAUSCH & LOMB INCORPORATED and PF CONSUMER HEALTHCARE 1 LLC,<br><br>Plaintiffs,<br><br>v.<br><br>NATURE MADE NUTRITIONAL PRODUCTS; PHARMAVITE LLC; OTSUKA PHARMACEUTICAL CO., LTD., and OTSUKA NUTRACEUTICAL EMERGING VENTURES LLC,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)  C.A. No. 1:21-cv-01030-LPS<br>)<br>)<br>)<br>)  **JURY TRIAL DEMANDED**<br>)<br>)<br>)<br>)<br>)<br>) |

### AMENDED COMPLAINT

Plaintiffs Bausch & Lomb Incorporated ("Bausch & Lomb") and PF Consumer Healthcare 1 LLC ("PF Consumer Healthcare 1") (collectively, "Plaintiffs"), by their attorneys, hereby allege as follows:

### NATURE OF ACTION

1. This is an action for patent infringement arising under the Patent Laws of the United States, including 35 U.S.C. § 271.

### THE PARTIES

2. Plaintiff Bausch & Lomb is a corporation organized and existing under the laws of New York, with a place of business at 1400 North Goodman Street, Rochester, NY 14609.

3. Plaintiff PF Consumer Healthcare 1 is a limited liability company organized and existing under the laws of Delaware and having a place of business at 1209 Orange Street, Corporation Trust Center, Wilmington, DE, 19801.

4. Defendant Nature Made Nutritional Products ("Nature Made") is a corporation organized and existing under the laws of California having a principal place of business at 8531 Fallbrook Ave., West Hills, CA 91304. Upon information and belief, Nature Made is an alter ego, affiliate, and/or agent of Otsuka Pharmaceutical Co., Ltd., Otsuka Nutraceutical Emerging Ventures LLC, and Pharmavite LLC.

5. Defendant Pharmavite LLC ("Pharmavite") is a limited liability company organized and existing under the laws of California having a principal place of business at 8531 Fallbrook Ave., West Hills, CA 91304. Upon information and belief, Pharmavite is an alter ego, affiliate, and/or agent of Otsuka Pharmaceutical Co., Ltd., Otsuka Nutraceutical Emerging Ventures LLC, and Nature Made.

6. Defendant Otsuka Pharmaceutical Co., Ltd. ("Otsuka") is a corporation organized and existing under the laws of Japan with its corporate headquarters at 2-9 Kanda Tsukasa-machi, Chiyoda-ku, Tokyo, 101-8535, Japan. Upon information and belief, Otsuka is an alter ego, affiliate, and/or agent of Otsuka Nutraceutical Emerging Ventures LLC, Nature Made and Pharmavite.

7. Defendant Otsuka Nutraceutical Emerging Ventures LLC ("ONCE Ventures") is a limited liability company organized and existing under the laws of Delaware having a principal place of business at 15260 Ventura Boulevard, Suite 940, Sherman Oaks, CA 91403. Upon information and belief, ONCE Ventures is an alter ego, affiliate, and/or agent of Otsuka, Nature Made, and Pharmavite.

**JURISDICTION AND VENUE**

8. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) and (b).

9. This Court has personal jurisdiction over Otsuka. Otsuka has filed at least thirty actions in this district over the past three years. Otsuka, directly or through its alter egos, affiliates, or agents, develops, formulates, manufactures, markets, and sells vitamin products, including the Nature Made® Vision with AREDS 2 Formula product, throughout the United States, including in this judicial district. Otsuka regularly conducts and solicits business in the State of Delaware, engages in other persistent courses of conduct in the State of Delaware, and/or derives substantial revenue from services or things used or consumed in the State of Delaware. Otsuka transacts business within the State of Delaware related to Bausch & Lomb's claims, and has engaged in systematic, pervasive, and continuous business contacts within the State of Delaware. This includes, but is not limited to, selecting this judicial district as a forum to file at least thirty actions over the past three years.

10. This Court has personal jurisdiction over ONCE Ventures. ONCE Ventures, directly or through its alter egos, affiliates, or agents, develops, formulates, manufactures, markets, and sells vitamin products, including the Nature Made® Vision with AREDS 2 Formula product, throughout the United States, including in this judicial district. ONCE Ventures regularly conducts and solicits business in the State of Delaware, engages in other persistent courses of conduct in the State of Delaware, and/or derives substantial revenue from services or things used or consumed in the State of Delaware. ONCE Ventures transacts business within the State of Delaware related to Bausch & Lomb's claims, and has engaged in systematic, pervasive, and continuous business contacts within the State of Delaware.

11. This Court has personal jurisdiction over Nature Made. Nature Made, directly or through its alter egos, affiliates, or agents, develops, formulates, manufactures, markets, and sells vitamin products, including the Nature Made® Vision with AREDS 2 Formula product,

throughout the United States, including in this judicial district. Nature Made regularly conducts and solicits business in the State of Delaware, engages in other persistent courses of conduct in the State of Delaware, and/or derives substantial revenue from services or things used or consumed in the State of Delaware. Nature Made transacts business within the State of Delaware related to Bausch & Lomb's claims, and has engaged in systematic, pervasive, and continuous business contacts within the State of Delaware.

12. This Court has personal jurisdiction over Pharmavite. Pharmavite, directly or through its alter egos, affiliates, or agents, develops, formulates, manufactures, markets, and sells vitamin products, including the Nature Made® Vision with AREDS 2 Formula product, throughout the United States, including in this judicial district. Pharmavite regularly conducts and solicits business in the State of Delaware, engages in other persistent courses of conduct in the State of Delaware, and/or derives substantial revenue from services or things used or consumed in the State of Delaware. Pharmavite transacts business within the State of Delaware related to Bausch & Lomb's claims, and has engaged in systematic, pervasive, and continuous business contacts within the State of Delaware.

13. Upon information and belief, Defendants operate as a single integrated business where each Defendant acts an agent of each other and Defendants work together to, *inter alia*, develop, manufacture, obtain regulatory approval, market, sell and distribute vitamin products, including the Nature Made® Vision with AREDS 2 Formula product, throughout the United States, including in this judicial district, and there is a fundamental lack of corporate separateness between Defendants.

14. Defendants' lack of corporate separateness and functioning as a single entity is unjust and unfair.

15. ONCE Ventures description on its website as the venture capital arm of Otsuka Holdings indicates a lack of corporate separateness between Defendants including, but not limited to, failure to observe corporate formalities, gross undercapitalization of certain Defendants and the nonfunctioning of officers and directors.

16. Nature Made products are listed on the Nature Made website at www.naturemade.com, the Pharmavite website at www.pharmavite.com, the ONCE Ventures website at www.onceventures.com, and the Otsuka website at www.otsuka.co.jp/en/

17. The promotion of and acknowledged involvement in the same products under the Nature Made® brand demonstrates the interconnectedness of these four entities.

18. Pharmavite is described on the Otsuka website at www.otsuka.co.jp as a California based subsidiary of Otsuka.

19. Pharmavite regularly advertises and touts itself as a subsidiary of Otsuka.

20. Pharmavite's website at www.pharmavite.com/who-we-are/#history describes Otsuka as acquiring Pharmavite in 1989.

21. Defendants tout Nature Made® as being the number one pharmacists recommended vitamin and supplement brand.

22. Otsuka describes its nutraceutical business as one of its "Two Core Businesses."

23. Otsuka regularly describes and/or markets the actions and activities of Pharmavite, Nature Made, and ONCE Ventures as its own.

24. Otsuka lists Nature Made products under "Our Products" on its website at www.otsuka.co.jp/en/nutraceutical/products/naturemade/.

25. ONCE Ventures lists Nature Made products under "Our Brands" on its website at www.onceventures.com.

26. Pharmavite lists Nature Made products under "What We Make" on its website at www.pharmavite.com/what-we-make/.

27. ONCE Ventures states on its website under the heading "Who is Otsuka" as follows:

> For 100 years, Otsuka has executed its mission of building a healthier world through groundbreaking creativity and innovation. Headquartered in Japan, the company operates multiple brands across Asia, Europe, and North America, with annual revenues of approximately $13 billion. Despite the increase in scale, size, and influence over the years, Otsuka has remained true to its core identity and family roots: A big venture company that thinks unconventionally and challenges the status quo.
>
> With its roots in pharmaceuticals, Otsuka combines its R&D capabilities and deep consumer knowledge to develop a nutraceuticals portfolio that addresses the health needs of everyday consumers. Otsuka's market-leading brands operate across the growing fields of active nutrition, healthy beverages, plant-based foods, and supplements.

28. ONCE Ventures further states on its website that "Innovation and entrepreneurship is in our DNA. With Otsuka's own entrepreneurial roots, we seek to empower businesses by offering guidance, expertise, and capabilities for sustainable long-term success."

29. Les Hine, CEO of ONCE Ventures, has stated as follows:

> There were two reasons for launching Once Ventures under Otsuka. First, Otsuka is a global company and we're seeing a lot of the innovation within the nutraceuticals industry taking place in North America. We felt we could be more connected to that network and Once Ventures would help us do so. Second, we have the capabilities to help accelerate the progress of young nutraceutical companies given our strong industry expertise and venture funding know-how. Both of these qualities underscore Otsuka's mission of "creating new products for better health worldwide."

*See* Exhibit B, www.newhope.com/finance-and-fundraising/nutraceutical-giant-otsuka-launches-venturing-team-north-america.

30. ONCE Ventures has been described as the "new venturing team" of Otsuka. *See* id.

31. Les Hine, CEO of ONCE Ventures, in a May 19, 2021 press release describing ONCE Ventures as the North American nutraceuticals "venture capital arm" of Otsuka, stated that "We are witnessing an exciting level of innovation in the North American nutraceuticals market right now" and that "We want to encourage and nurture that entrepreneurial spirit by offering young companies and their leaders access to Otsuka's technical expertise, market knowledge and capital." The press release further states: "Backed by world-class operations that have produced genuinely innovative brands, ONCE Ventures blends its strategic know-how, global contacts, and brand-building experience to help businesses grow. The venture fund will help write the next chapter in Otsuka's proud 100-year story, by building a healthier world through ground-breaking creativity and innovation and continuing its legacy of successfully partnering with other companies to their mutual benefit." *See* Exhibit C, www.prnewswire.com/news-releases/once-ventures-launches-in-north-america-to-nurture-cpg-brands-for-better-health-worldwide-301294208.html

32. In a news release by Otsuka on July 21, 2021, Otsuka described Nature Made as "the supplement brand marketed by Otsuka Pharmaceutical Co., Ltd." and advertised it as being "ranked the No. 1 pharmacist recommended vitamin and supplement in the US for 24 consecutive years." *See* Exhibit D, www.otsuka.co.jp/en/company/newsreleases/2021/20210721_2.html.

33. At the opening of a new Pharmavite factory in the United States, Doug MacLean, then CEO of Pharmavite, stated in a press release that was released by Otsuka that the new facility "will help us continue our leadership role and support our vision of people creating

7

new products for better health worldwide, which is the mission we share with our parent company, Otsuka Pharmaceutical Co., Ltd." *See* Exhibit E, www.otsuka.co.jp/en/company/newsreleases/2013/20130610_1.html.

34. Despite Defendants' collaborative efforts to market Nature Made products and tout their sales successes, there is an absence of corporate records available from the Securities and Exchange Commission for any of the Defendants demonstrating a clear form of corporate separateness.

35. The absence of publicly available corporate records demonstrating a clear form of corporate separateness raises the questions of solvency of Nature Made and/or Pharmavite and whether funds have been moved amongst Defendants.

36. An injustice would occur if Plaintiffs were unable to pursue claims against Defendants because their overlapping and single, integrated business is an attempt to shield them from liability for including but not limited to making, using, importing, offering to sell, or selling compositions containing a formulation of lutein, zeaxanthin, vitamins C and E, zinc, and copper, that are specifically described and claimed in the '522 Patent, including but not limited to their Nature Made® Vision with AREDS 2 Formula product.

37. There is likewise fundamental unfairness by not permitting this Court to hear Plaintiffs' claims against Defendants who on the one hand publicly represent interconnectedness to sell and market Nature Made products, including the Nature Made® Vision with AREDS 2 Formula product, and, on the other hand, distort the corporate form in an attempt to shield themselves from liability through opaque corporate relationships.

38. On information and belief, venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## CLAIMS FOR RELIEF

## COUNT 1: PATENT INFRINGEMENT OF U.S. PATENT NO. 8,603,522

39. Bausch & Lomb incorporates herein and realleges as if fully set forth in this Paragraph, the allegations of Paragraphs 1 through 38 above.

40. Bausch & Lomb is a joint owner and licensee of all rights in the field of ophthalmology, including the right to enforce, of United States Patent No. 8,603,522 ("the '522 Patent") which was duly and lawfully granted on December 10, 2013 to Stephen P. Bartels, Cara L. Baustian, George E. Bunce, Leon Ellenbogen, Frederick L. Ferris III, Jin Kinoshita, James C. Smith and David A. Souerwine for an invention in "Nutritional Supplement to Treat Macular Degeneration."  PF Consumer Healthcare 1 is a joint owner of the '522 Patent.  Pursuant to 35 U.S.C. § 207(a) and the exclusive license received from the U.S. government joint owner, including the right to enforce the '522 Patent, Bausch & Lomb can maintain this action without the U.S. government as a party.  A true copy of the '522 Patent is attached as Exhibit A.

41. The '522 Patent describes and claims, among other things, methods for stabilization and/or treatment of visual acuity loss by reducing the risk of age-related macular degeneration and cataracts and for maintaining and preserving eye health and vision.  The invention of the '522 Patent provides, *inter alia*, a method of administering a formulation of lutein-zeaxanthine combination or vitamin A in the form of beta-carotene (substituted or supplemented with lutein, zeaxanthine or a combination thereof), vitamin C, and vitamin E, as well as zinc and copper.

42. Bausch & Lomb markets and sells products for the methods covered by the '522 Patent within this district and elsewhere in the United States, including but not limited to its PreserVision® AREDS and AREDS 2 Formula products.

43. Defendants Otsuka, ONCE Ventures, Nature Made and Pharmavite (collectively, "Defendants") are infringing, inducing infringement of, and/or contributing to the infringement of the '522 Patent by making, using, offering to sell, selling, or importing, within this district or elsewhere in the United States, products for the methods covered by the '522 Patent and/or by selling, offering for sale and/or importing compositions with instructions for use or promotions that cause and induce the user to infringe the claims in the '522 Patent, and/or by selling, offering to sell or importing components or materials, knowing the same to be especially made or especially adapted for use in an infringement of the '522 Patent.  Defendants have actual knowledge of the '522 Patent.  Defendants became aware of the '522 Patent on or after its issuance date of December 10, 2013.  At the latest, Defendants learned of the '522 Patent on the date Plaintiffs filed this complaint.  Thus, Defendants are knowingly infringing, inducing infringement of, and/or contributing to the infringement of the '522 Patent.

44. Defendants are making, using, importing, offering to sell, or selling compositions containing a formulation of lutein, zeaxanthin, vitamins C and E, zinc, and copper, that are specifically described and claimed in the '522 Patent, including but not limited to their Nature Made® Vision with AREDS 2 Formula product.  Defendants' Nature Made® Vision with AREDS 2 Formula product depicts the following Supplement Facts Panel:



45.     Defendants' Nature Made® Vision with AREDS 2 Formula product satisfies each and every limitation of at least one claim of the '522 patent, either literally or under the doctrine of equivalents. Defendants are making, using, importing, offering to sell, or selling such compositions for the use in treating or preventing age-related eye disease or for maintaining or preserving eye health or vision, which infringes the claims of the '522 Patent.

46.     On information and belief, Defendants are selling, offering for sale and/or importing compositions with instructions for use and promotions that cause and induce the user to infringe the claims in the '522 Patent, including but not limited to their Nature Made® Vision with AREDS 2 Formula product. Defendants are doing so with knowledge of the '522 Patent and with specific intent that its customers infringe the '522 Patent.

47.     On information and belief, Defendants are selling, offering for sale and/or importing components or materials, knowing the same to be especially made or especially adapted for use in an infringement of the '522 Patent.

11

48.     On information and belief, Defendants became aware of the '522 Patent on or after its issuance date of December 10, 2013.  At the latest, Defendants learned of the '522 Patent on the date Plaintiffs filed this complaint.  On information and belief, Defendants are willfully infringing the '522 Patent by continuing to make, use, offer for sale, sell, or import their Nature Made® Vision with AREDS 2 Formula product.

49.     The aforesaid sales and acts by Defendants are without right, license or permission from Plaintiffs.

50.     On information and belief, Defendants intend to continue the sales and acts referred to in paragraphs 43-49.

51.     Bausch & Lomb has been damaged by Defendants' infringement of the '522 Patent, and will be irreparably damaged if that infringement is not enjoined.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Bausch & Lomb respectfully requests the following relief:

A.      A judgment and decree that United States Patent No. 8,603,522 remains valid and enforceable;

B.      A judgment that Defendants have infringed one or more claims of Bausch & Lomb's United States Patent No. 8,603,522;

C.      A judgment that Defendants have induced infringement of one or more claims of Bausch & Lomb's United States Patent No. 8,603,522;

D.      A judgment that Defendants have contributed to the infringement of one or more claims of Bausch & Lomb's United States Patent No. 8,603,522;

E.      A judgment that Defendants have willfully infringed one or more claims of Bausch & Lomb's United States Patent No. 8,603,522;

F. A permanent injunction restraining and enjoining Defendants, their officers, agents, attorneys and employees, and those acting in privity or concert with them, from engaging in the commercial manufacture, use, offer to sell, or sale within the United States, or importation into the United States, of compositions and methods claimed in Bausch & Lomb's United States Patent No. 8,603,522 or components or materials especially made or especially adapted for use in an infringement of Bausch & Lomb's United States Patent No. 8,603,522;

G. An accounting of all damages to Bausch & Lomb arising from Defendants' infringement, inducement of infringement, contributory infringement and willful infringement, and that such damages be awarded to Bausch & Lomb together with interest;

H. A permanent injunction ordering Defendants to, *inter alia*, immediately cease all distribution and sale of the Nature Made® Vision with AREDS 2 Formula product;

I. An order that Defendants recall all of the Nature Made® Vision with AREDS 2 Formula products currently in the marketplace;

J. An award of treble damages;

K. A grant of the costs of this action and reasonable attorneys' fees incurred by Bausch & Lomb in connection with this action; and

L. Such other and further relief as the Court may deem just and proper.

Dated:  December 3, 2021

GIBBONS P.C.

/s/ *Christopher Viceconte*
Christopher Viceconte (No. 5568)
Jennifer M. Rutter (No. 6200)
300 Delaware Avenue, Suite 1015
Wilmington, Delaware 19801
(302) 518-6322
cviceconte@gibbonslaw.com
jrutter@gibbonslaw.com

*Attorneys for Plaintiff*
*Bausch & Lomb Incorporated*


ARMSTRONG TEASDALE LLP

/s/ *Joseph J. Gribbin*
Joseph J. Gribbin (No. 5677)
300 Delaware Avenue, Suite 210
Wilmington, Delaware 19801
(302) 824-7089
jgribbin@atllp.com

*Attorney for Plaintiff*
*PF Consumer Healthcare 1 LLC*